## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TOWNE PARK, LLC,** | : | CIVIL ACTION |
| | : | NO.: |
| *Plaintiff,* | : | |
| | : | |
| v. | : | |
| | : | |
| **RESILIENCE HEALTHCARE-** | : | |
| **WEISS MEMORIAL HOSPITAL,** | : | |
| **LLC AND RAMCO HEALTHCARE** | : | |
| **HOLDINGS, LLC,** | : | |
| | : | |
| *Defendants.* | : | JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Towne Park, LLC, by and through its undersigned counsel, files the within Complaint against Defendants, Resilience Healthcare-Weiss Memorial Hospital, LLC, and Ramco Healthcare Holdings, LLC, and in support thereof avers as follows:

### Parties

1. Plaintiff, Towne Park, LLC ("Plaintiff" or "Towne Park"), offers, *inter alia*, professional parking, hospitality, and managed labor services.

2. Towne Park is a Maryland limited liability company with a place of business located at 450 Plymouth Road, Suite 300, Plymouth Meeting, Pennsylvania 19462.

3. Defendant, Resilience Healthcare-Weiss Memorial Hospital, LLC ("Defendant Resilience Healthcare"), is an Illinois business entity with a business address of 21 Forest Avenue, River Forest, Illinois 60305.

4. Defendant, Ramco Healthcare Holdings, LLC ("Defendant Ramco Healthcare," together with Defendant Resilience Healthcare, the "Defendants"), is, upon information and belief, a Delaware business entity authorized to do business in Illinois with a business address of 103 Carnegie Center, Suite 345, Princeton, New Jersey 08540.

### Jurisdiction and Venue

5. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

### Facts

7. Effective April 1, 2023, Towne Park entered into a Purchaser-Specific Agreement with Defendant Resilience Healthcare and Defendant Ramco Healthcare (the "First Purchaser Agreement"). A true and correct copy of the April 1, 2023 First Purchaser Agreement is attached hereto and incorporated herein as **Exhibit A.**

8. On that same day, Towne Park entered into a second Purchaser-Specific Agreement with Defendant Resilience Healthcare and Defendant Ramco Healthcare ("Second Purchaser Agreement"). A true and correct copy of the April 1, 2023 Second Purchaser Agreement is attached hereto and incorporated herein as **Exhibit B.**

9. The First Purchaser Agreement and the Second Purchaser Agreement (collectively, the "Agreements") both serviced the Weiss Memorial Hospital facility located at 4646 N. Marine Dr., Chicago, Illinois 60640 (the "Premises").

10. Pursuant to the Agreements, Defendants obtained certain professional parking, hospitality, and managed labor services at the Premises from Towne Park (the "Parking Services"). [See **Exhibit A** and **Exhibit B.**]

11. In exchange for these Parking Services, Defendants agreed to pay Towne Park for the Parking Services at fees, rates, and expenses agreed to by the parties as forth in the Agreements. [See **Exhibit A** and **Exhibit B.**]

12. Towne Park invoiced the Defendants jointly for the Parking Services it provided, and Defendants were required to pay the invoice within thirty (30) days from the date of the invoice. [See **Exhibit A** and **Exhibit B.**]

13. On or about October 31, 2023, Towne Park sent Defendants an invoice for certain Parking Services it performed under the Agreements in the total amount

3

of $17,741.10 ("October 2023 Invoice"). A true and correct copy of the October 2023 Invoice is attached hereto and incorporated herein as **Exhibit C**.

14. To date, Defendants have failed to remit payment to Towne Park for the October 2023 Invoice.

15. On or about January 31, 2024, Towne Park sent Defendants an invoice for certain Parking Services it performed under the Agreements in the amount of $15,790.02 ("January 2024 Invoice"). A true and correct copy of the January 2024 Invoice is attached hereto and incorporated herein as **Exhibit D**.

16. To date, Defendants have failed to remit payment to Towne Park for the January 2024 Invoice.

17. On or about March 31, 2024, Towne Park sent Defendants an invoice for Parking Services it performed under the Agreements in the amount of $11,429.17 ("March 2024 Invoice"). A true and correct copy of the March 2024 Invoice is attached hereto and incorporated herein as **Exhibit E**.

18. To date, Defendants have failed to remit payment to Towne Park for the March 2024 Invoice.

19. On or about April 30, 2024, Towne Park sent Defendants invoices for certain Parking Services it performed under the Agreements in the amount of $10,548.17 and $5,638.76 ("April 2024 Invoices"). True and correct copies of the April 2024 Invoices are attached hereto and incorporated herein as **Exhibit F**.

4

20. To date, Defendants have failed to remit payment to Towne Park for the April 2024 Invoices.

21. On or about May 31, 2024, Towne Park sent Defendants invoices for certain Parking Services it performed under the Agreements in the total amount of $9,837.79 and $17,807.80 ("May 2024 Invoices"). True and correct copies of the May 2024 Invoices are attached hereto and incorporated herein as **Exhibit G**.

22. To date, Defendants have failed to remit payment to Towne Park for the May 2024 Invoices.

23. On or about June 1, 2024, and June 30, 2024, Towne Park sent Defendants invoices for certain Parking Services it performed under the Agreements in the total amount of $5,000.00 and $5,421.67, respectively ("June 2024 Invoices"). True and correct copies of the June 2024 Invoices are attached hereto and incorporated herein as **Exhibit H**.

24. To date, Defendants have failed to remit full payment to Towne Park for the June 2024 Invoices. There remains an outstanding balance of $87.85 on the June 1, 2024 invoice; and there remains an outstanding balance of $5,421.67 on the June 30, 2024 invoice. [See **Exhibit H**.]

25. On or about July 31, 2024, Towne Park sent Defendants an invoice for Parking Services it performed under the Agreements in the amount of $7,658.20

("July 2024 Invoice"). A true and correct copy of the July 2024 Invoice is attached hereto and incorporated herein as **Exhibit I**.

26. To date, Defendants have failed to remit payment to Towne Park for the July 2024 Invoice.

27. On or about August 1, 2024, the Agreements between the parties were terminated, but Defendants continue to owe Towne Park for the total amount of the past-due invoices identified herein (collectively "Past-Due Invoices").

28. By way of correspondence dated December 17, 2024, Towne Park demanded payment from Defendants for the Past-Due Invoices, specifically $101,953.11, on or before January 1, 2025 ("Demand Notice"). A true and correct copy of the Demand Notice is attached hereto and incorporated herein as **Exhibit J**.

29. To date, Defendants have still failed to remit payment to Towne Park for the Past-Due Invoices.

30. There remains an outstanding balance of $101,953.11 owed by Defendants to Towne Park under the Agreements.

## COUNT I
### Breach of Contract
#### *(Against Defendants)*

31. The foregoing averments are incorporated by reference as though fully set forth herein.

6

32. Pursuant to the First Purchaser Agreement and Second Purchaser Agreement, Defendants agreed to pay for the Parking Services provided by Towne Park at certain fees, rates, and expenses. [See **Exhibit A** and **Exhibit B**.]

33. Despite Towne Park performing these Parking Services, Defendants have failed to make full payments to Towne Park, as further set forth above.

34. Towne Park has performed and complied with all terms and conditions required under the Agreements.

35. Defendants' failure to remit the full amount due and owing under the Agreements constitutes a breach of contract.

36. Towne Park has been damaged as a result of Defendants' breach of the First Purchaser Agreement and the Second Purchaser Agreement in the amount of $101,953.11.

WHEREFORE, Plaintiff, Towne Park, LLC, demands judgment in its favor and against Defendants, Resilience Healthcare-Weiss Memorial Hospital, LLC and Ramco Healthcare Holdings, LLC, in the amount of $101,953.11, together with continuing interest, costs, attorneys' fees, and any other relief that this Honorable Court deems just and appropriate.

## COUNT II
### Account Stated
### *(Against Defendants)*

37.     The foregoing averments are incorporated by reference as though fully set forth herein.

38.     Towne Park sent Defendants the Past-Due Invoices detailing the amount of the debt owed by Defendants to Towne Park.

39.     Defendants have not disputed that the amount reflected in the Past-Due Invoices as due was accurate and properly owed to Towne Park.

40.     Towne Park has made demand for payment, but Defendants have refused and continues to refuse to immediately pay the full amount due.

WHEREFORE, Plaintiff, Towne Park, LLC, demands judgment in its favor and against Defendants, Resilience Healthcare-Weiss Memorial Hospital, LLC and Ramco Healthcare Holdings, LLC, in the amount of $101,953.11, together with continuing interest, costs, attorneys' fees, and any other relief that this Honorable Court deems just and appropriate.

## COUNT III
### Promissory Estoppel
### *(In the Alternative, against Defendants)*

41.     The foregoing averments are incorporated by reference as though fully set forth herein.

42. Defendants promised Towne Park that the entities would pay for the Parking Services that Towne Park provided to Defendants at the Premises.

43. As outlined above, despite this promise, Defendants have failed to pay Towne Park the full amount presently due and owing for these Parking Services.

44. But for said promises made by the Defendants, Towne Park would not have provided these Parking Services to Defendants.

45. Towne Park justifiably relied upon these promises to its detriment, as Defendants owe Towne Park $101,953.11 for services performed.

46. Defendants knew or should have known that its promises would reasonably induce Towne Park's reliance upon them.

47. Defendants should be estopped from reneging on said promises and failing to comply with its obligations to Towne Park.

WHEREFORE, Plaintiff, Towne Park, LLC, demands judgment in its favor and against Defendants, Resilience Healthcare-Weiss Memorial Hospital, LLC and Ramco Healthcare Holdings, LLC, in the amount of $101,953.11, together with continuing interest, costs, attorneys' fees, and any other relief that this Honorable Court deems just and appropriate.

## COUNT IV
### Unjust Enrichment
### *(In the Alternative, against Defendants)*

48.     The foregoing averments are incorporated by reference as though fully set forth herein.

49.     Defendants knew, or should have known, that Towne Park would rely upon Defendants' promise that it would pay for services performed by Towne Park.

50.     Accepting the Parking Services from Towne Park and not making full payment when due for such Parking Services has unjustly enriched Defendants.

51.     It would be unconscionable and unjust for Defendants to retain the benefit of the services provided by Towne Park without making full payment therefor.

52.     Towne Park has been damaged as a result Defendants' failure to pay for the services that it received from Towne Park.

WHEREFORE, Plaintiff, Towne Park, LLC, demands judgment in its favor and against Defendants, Resilience Healthcare-Weiss Memorial Hospital, LLC, in the amount of $101,953.11, together with continuing interest, costs, attorneys' fees, and any other relief that this Honorable Court deems just and appropriate.

Respectfully submitted,

PILLAR AUGHT LLC

By:     /s/ *Lindsey E. Snavely*

10

Lindsey E. Snavely, Esq.
lsnavely@pillaraught.com
Attorney I.D. No. 308145 (PA)
4201 E. Park Circle
Harrisburg, PA  17111
(717) 308-9910 (phone)
(717) 686-9862 (fax)

*Attorney for Plaintiff*